6195.  JONES *v.* THE STATE.

BROYLES, J. The evidence failing to show that any loss or damage was sustained by the hirer (an essential element in the offense of violating the "labor contract act," Penal Code, §§ 715, 716), the conviction of the accused was unauthorized, and the court erred in overruling the motion for a new trial.          *Judgment reversed.*

DECIDED MAY 4, 1915.

Accusation of cheating and swindling; from city court of Eastman—Judge Neese. October 21, 1914.

The accusation was based on sections 715 and 716 of the Penal Code. According to the testimony of the prosecutor, he and Millie Jones, the defendant, about December 28, 1913, entered into an oral contract to the effect that she was to make and gather a one-horse crop of cotton and corn in the year 1914 on certain land of the prosecutor, and he was to furnish a mule, farming utensils, guano, feed for the mule, and money or rations to make the crop, and in the fall, after the gathering of the crop, she was to pay for half of the guano and to pay back the money advanced and pay for the other supplies, and was to get half of the crop as her share of it. She began work under this contract at the beginning of the year, and quit work and left the premises about May 4, and the prosecutor swore out the warrant for her arrest on May 11. Before she left he had made advancements to her in money and rations, amounting to $57.80. The case was tried on July 25, 1914. The prosecutor testified, that the defendant did not return or offer to return the money advanced, and that by reason of her non-fulfil-

ment of the contract he, was damaged in the sum of $57.80 advanced. As to the crop left by her in his possession, and his reason for saying that he was damaged, he testified as follows: "Her crop was in good condition when she left it. Half of the cotton or more than half of it had been chopped out. She had in the neighborhood of 28 acres planted in cotton. She had about eleven acres in corn. . . She has not made any demand on me for her half of that crop. . . The entire crop was left in my possession. I expect to gather it the best I can, but I have got to get the labor to do it. . . I don't expect to turn over any part of that cotton to Millie Jones, or any part of the crop to her. The reason I know I have been damaged in the sum of $57.80 is simply because I have not got the labor to gather it, and from the outlook I can't get it. I don't know whether I will have to lose the crop or not. I might. At this time I don't know whether the crop will bring enough when it is gathered to reimburse me for all money and advances. . . I am in a position at this time to swear that I have been damaged, for the reason that the crop would have been better if worked at the proper time. I know it because I have farmed long enough to know it. . . At the time those 28 acres were planted in cotton I expected to get 28 bales of cotton, but I don't know how much I will get now. I expected 14 bales for myself and 14 bales for her. I hardly know what those 28 acres under favorable conditions will make. With favorable weather from now on I expect it will make 15 or 18 bales. I hardly know what it will cost me to finish making the crop."

*C. W. Atwill,* for plaintiff in error. *J. H. Roberts, solicitor,* contra.